UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TONN AND BLANK CONSTRUCTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN SEBELIUS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:12-CV-325-JD |

### Opinion and Order

Now before the Court is Defendants' Motion to Stay Proceedings [DE 38]. In response, Plaintiff Tonn and Blank Construction, LLC ("T&B") filed its brief [DE 41], and the Defendants filed their reply [DE 42]. In addition to this briefing, Defendants filed a Notice of Supplemental Authority [DE 44], to which T&B responded [DE 45]. For the following reasons, the Court grants Defendants' Motion to Stay Proceedings until thirty days after the Seventh Circuit resolves the *Grote* and *Korte* appeals.

### I. Background

T&B, an Indiana for profit construction company,[1] filed its complaint on September 20, 2012 challenging the Patient Protection and Affordable Care Act ("PPACA") and the regulations implementing the Act [DE 1]. Specifically, T&B alleges that portions of the PPACA violate its

---

[1]T&B is a for profit entity wholly owned by two non-profit entities. Specifically, T&B is owned 5% by Franciscan Alliance, Inc. and 95% by Franciscan Holdings, LLC [DE 34 at 10]. T&B asserts that because the beliefs of a closely-held corporation and its owners are inseparable, the corporation should be deemed the alter-ego of its owners for religious purposes. *Id.*

1

rights by requiring T&B to provide objectionable contraceptive services to employees through its health care plan ("contraception mandate")[2] [DE 1 at 9]. T&B asserts that the contraception mandate violates the Religious Freedom Restoration Act, the First Amendment (Free Exercise, Establishment, and Free Speech Clauses), and the Administrative Procedures Act [DE 1 at 31-43]. Since the filing of the complaint, the undersigned has granted an agreed upon preliminary injunction to T&B [DE 43], enjoining the Defendants from enforcing the contraception mandate until thirty days after the resolution of the appeals in *Korte v. Sebelius*, No. 12-3841 (7th Cir.) and *Grote v. Sebelius*, No. 13-1077 (7th Cir.). Currently, Defendants' motion to dismiss for failure to state a claim [DE 24] pends before the Court; however, Defendants want the Court to stay the action and its ruling on their motion to dismiss pending resolution of the appeals in *Korte* and *Grote,* while T&B wishes to proceed with the underlying action.

Both interlocutory appeals in *Korte* and *Grote* arose from denials of preliminary injunctions sought by for profit companies at the district court level. These cases have been consolidated and are pending before the Seventh Circuit to determine whether preliminary injunctions should have been granted. In the meantime, the Seventh Circuit enjoined the Defendants from enforcing the contraception mandate against the plaintiffs in *Korte* and *Grote* pending the resolution of the appeals. *See Grote v. Sebelius*, 708 F.3d 850 (7th Cir. 2013); *Korte v. Sebelius*, 2012 WL 6757353 (7th Cir. Dec. 28, 2012).

## II.   Discussion

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[2]42 U.S.C. § 300gg-13(a)(4); 45 C.F.R. § 147.130(a)(1)(iv).

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Id*. at 254-255.  The moving party must make a "clear case of hardship or inequity in being required to go forward" if there is a fair possibility the non-moving party would be harmed by delay. *Id*. at 255; *see Clinton v. Jones*, 520 U.S. 681, 708 (1997) (the movant who petitions for a stay bears the burden of establishing its need).  It is rare that "a litigant in one cause [will] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.   However, "in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id*. at 256.

District courts in the Seventh Circuit have considered a variety of factors in evaluating whether or not to grant a stay of proceedings. *See Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) ("(1) whether the litigation is at an early stage . . .; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court."); *see also Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) ("(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.") (internal citations omitted); *Abbott Laboratories v. Matrix Laboratories, Inc.,* No. 09-cv-1586, 2009 WL 3719214, *2 (N.D. Ill. Nov. 5, 2009) (whether a stay will unduly prejudice or tactically disadvantage the non-moving party; whether a stay will simplify the issues

in question and streamline the trial; and whether a stay will reduce the burden of litigation on the

parties and on the court) (citation omitted).  Such factors, which will be considered herein,

"balance the competing interests of the parties and the interest of the judicial system." *Markel*

*Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011).

    While the present case was initially filed about one year ago, it was expected that

Defendants would make amendments to the contraception mandate this year.  In fact, in July,

Defendants recently issued final regulations which made changes with respect to the

contraceptive coverage requirement for group health plans established or maintained by eligible

organizations. *See* 78 Fed. Reg. 39,870 (July 2, 2013).  However, the ultimate changes did not

affect for profit companies such as T&B, and the Court must determine whether to proceed to the

merits of this case or stay the matter pending the resolution of the appeals in *Korte* and *Grote.*

    Despite the fact that *Korte* and *Grote* are interlocutory appeals on the denial of

preliminary injunctions, the Court believes that the Seventh Circuit's ultimate decision on the

appropriateness of issuing a preliminary injunction will overlap with the substantive legal issues

raised therein.  This is so because it is well settled that (in relevant part) a reasonable likelihood

of success on the merits must be proven by the proponent of a preliminary injunction. *Planned*

*Parenthood of Indiana, Inc. v. Comm. of Ind. State Dept. Health,* 699 F.3d 962, 972 (7th Cir.

2012).  Moreover, the more likely it is that the moving party will win its case on the merits, the

less the balance of harms need weigh in its favor. *Id.*  So the Seventh Circuit will inevitably be

faced with the need to evaluate the merits of the substantive issues raised to resolve the

interlocutory appeals in *Korte* and *Grote*.

    This is important because the plaintiffs in *Korte* and *Grote* have explicitly requested the

4

Seventh Circuit to address the very same substantive claims raised by T&B in the underlying

case against the very same government defendants.  Specifically, the appellant's brief in *Grote*

asks the Seventh Circuit to consider the likelihood of success for the following claims:

- •   Does the contraception mandate violate the Religious Freedom Restoration Act?
- •   Does the contraception mandate violate the Free Exercise Clause?
- •   Does the contraception mandate violate the Establishment Clause?
- •   Does the contraception mandate violate the Free Speech Clause?
- •   Does the contraception mandate violate the Due Process Clause?
- •   Does the contraception mandate violate the Administrative Procedures Act?

2013 WL 816519, *iii (Appellants' Brief); *see Korte*, 2013 WL 431686 (Appellants' Brief).

And the only issue contested by the government at oral argument in *Korte*, concerned whether or

not the contraception mandate places a substantial burden on the plaintiff's religious exercise.

*Korte v. Sebelius*, No. 12-3841, Oral Argument held on May 22, 2013.   Thus, there is little to no

doubt that in determining whether a preliminary injunction ought to issue, the Seventh Circuit

will ultimately address the merits of the same substantive issues raised by T&B.  Even if there

are some factual differences involved in the cases, such as T&B's being owned by a religious

order rather than by individuals, the Seventh Circuit's decision on the consolidated appeal will

provide precedential guidance on the legal issues surrounding this case.  This is true because

T&B is a for profit company like the plaintiffs in *Grote* and *Korte*, raising the same theory of

redress—that the rights of a closely held corporation are indistinguishable from those of the

controlling owners and the contraception mandate substantially burdens their exercise of

religion.  Thus, the outcome of the consolidated appeal is likely to substantially affect the

outcome of this litigation even if the Seventh Circuit's ruling does not entirely dispose of this

case.

In fact, T&B and Defendants' co-mingled briefs filed in this case relative to the

appropriateness of dismissal for failure to state a claim and the issuance of a preliminary

injunction [DE 25, 34] further demonstrate the unavoidable over-lapping analysis that must be

conducted when considering the appropriateness of issuing a preliminary injunction and the

merit of the claims raised.  In other words, both parties to the instant lawsuit addressed the

propriety of a preliminary injunction while simultaneously (and extensively) detailing (in

approximately 100 pages) the substance of the claims and their likely merit.  Again, this is

because the analysis of whether a preliminary injunction ought to issue must include

consideration of the likely merit of the claims—the same analysis the Seventh Circuit will

confront in *Korte* and *Grote*.

      Despite the substantially similar legal arguments to be addressed in *Korte* and *Grote,*

T&B argues it will suffer prejudice if the Court stays the proceedings because of the delay and

uncertainty surrounding its future legal obligations thereby affecting its ability to budget and

negotiate its health plans [DE 41 at 4].  However, even if the Court were to proceed with the

instant action, thereby first ruling on the motion to dismiss, T&B risks dismissal of its case and

forced compliance with the contraception mandate.  And, regardless of the outcome of

Defendants' motion to dismiss, T&B continues to face the uncertainty of the Seventh Circuit's

decision in *Korte* and *Grote* which will indicate whether the contraception mandate can likely be

enforced against for profit companies like T&B.  Thus, the Court believes that guidance

provided by the Seventh Circuit will make up for any delay caused by a temporary stay, and will

prevent the Court's determination on issues that may ultimately be supplanted by the Seventh

Circuit's decision.  And most importantly, T&B cannot be harmed by the enforcement of the

contraception mandate against it during the course of any stay, because this Court has already

enjoined Defendants from enforcing the mandate against T&B until thirty days from resolution of the appeals in *Korte* and *Grote*. Therefore, the preliminary injunction will maintain the status quo during any stay and T&B's argument that delay may cause prejudice is not well-taken.

It comes as no surprise that the contraception mandate is being challenged in courts across the country, with appeals pending in eleven (11) circuits. *See* The Becket Fund, http://www.becketfund.org/hhsinformationcentral/ (last visited Aug. 11, 2013). Of the cases filed in the United States, approximately thirty-six (36) cases involve for profit companies. *Id*. The significance of the issues to be addressed in these cases and by our own Court of Appeals will have far reaching importance to the public and the parties. Given that district court's across the country, including this one, are confronted with issues of first impression relating to the lawfulness of the contraception mandate—certainly an issue of "extraordinary public moment"—direction from the Seventh Circuit would be invaluable. And the Court believes that given the time and expense involved in such complex litigation, moving forward on the present case seems inefficient and prejudicial for all involved when a temporary stay pending the outcome of *Korte* and *Grote* would resolve many unanswered questions this lawsuit raises with regard to the contraception mandate. No doubt, it would be an unnecessary waste of judicial resources for this Court to engage in the substantially same analysis the Seventh Circuit will embark upon in issuing its decision in the near future (given that oral argument was heard in *Korte* and *Grote* almost three months ago).

Of final note, the Court has considered T&B's argument that it would be "odd" for this Court to stay the instant proceedings when the district court in *Grote* has proceeded to the merits [DE 41 at 8]. Yet, none of the parties in *Grote* ever moved to stay proceedings, and thus, the

district court never expressed whether a stay might be appropriate. Additionally, while *Grote* has not been *formally* stayed by the district court, the docket reflects that no activity has taken place in the case since January of this year, when the notice of appeal was filed. *See Grote v. Sebelius*, No. 4:12-cv-00134-SEB-DML, docket entries 45-52. In addition, district court's have stayed proceedings in similar circumstances in litigation challenging the contraception mandate. *See Triune Health Group, Inc. v. Sebelius,* No. 1:12-cv-06756, docket entry 64 (N.D. Ill. Apr. 2, 2013); *Korte v. Sebelius*, No. 3:12-cv-01072-MJR-PMF, docket entry 63 (S.D. Ill. Dec. 28, 2012).

Ultimately, Defendants have sufficiently shown that granting a temporary stay is proper where *Korte* and *Grote* are substantially similar to the instant case because each plaintiff has named the same government defendants and each plaintiff represents a for profit company seeking to escape the contraception mandate on the grounds that it interferes with and burdens the religious beliefs of the company's owners. Because the interests of judicial economy and the other factors detailed herein weigh in favor of temporarily staying the proceedings until the Seventh Circuit has had an opportunity to decide *Grote* and *Korte,* the Court grants the Defendants' request for a stay. *See Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc*., 180 F.3d 896, 898 (7th Cir. 1999) (noting that "[a]lthough federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress, in exceptional cases, a federal court should stay a suit and await the outcome of parallel proceedings as a matter of 'wise judicial administration, giving regard tot he conservation of judicial resources and comprehensive disposition of litigation.").

III.   Conclusion

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Stay and temporarily STAYS the case until thirty (30) days after the Seventh Circuit has issued an opinion on the consolidated *Grote* and *Korte* appeal.  Either party is permitted to seek relief from this stay order in the interim if circumstances so permit.

SO ORDERED.

ENTERED:   August 16, 2013

/s/ JON E. DEGUILIO

Judge
United States District Court

9